# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |  |
|---|---|
| EDWARD JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> LOCAL LODGE 1759, INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL-CIO, *et al.* <br><br> Defendants. | Case: 1:18-cv-01150 (TNM) |

## MEMORANDUM AND ORDER

*Pro se* Plaintiff Edward Johnson has filed several pleadings outlining his claims against Local Lodge 1759 ("Local Lodge") and his former employer, Allied Aviation Services ("Allied"). Even so, it is not easy to discern his claims. Allied has moved to dismiss Mr. Johnson's Complaint, and Local Lodge seeks judgment on the pleadings. For the reasons stated below, the Court will grant Local Lodge's Motion for Judgment on the Pleadings and grant in part and deny in part Allied's Motion to Dismiss.

## I.

The Court has afforded Mr. Johnson ample opportunity to outline his claims against Allied and Local Lodge (collectively, "the Defendants"). His original Complaint was too vague and ambiguous for the Defendants to respond. *See* ECF No. 1. So the Court granted the Defendants' Motions for a More Definite Statement and instructed Mr. Johnson to file an Amended Complaint. ECF No. 17. Mr. Johnson did so, but his Amended Complaint was still difficult to interpret. *See* ECF No. 18. Local Lodge filed an Answer, *see* ECF No. 19, while Allied moved to dismiss, *see* ECF No. 20.

The Court directed Mr. Johnson to respond to Allied's Motion to Dismiss. *See* ECF No. 21. But rather than addressing Allied's arguments, Mr. Johnson supplemented his Amended Complaint again. ECF No. 22. Local Lodge then moved for judgment on the pleadings, ECF No. 23, and the Court warned Mr. Johnson he needed to respond, ECF No. 24.[1] Rather than substantively responding, Mr. Johnson filed a two-paragraph pleading styled as a "MOTION; Showing Cause for Complaint, Complaint." ECF No. 27.

Although Mr. Johnson's filings are far from clear, the Court is mindful of its obligation to hold a *pro se* litigant's pleadings to a less stringent standard than what represented parties face. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). So the Court considers Mr. Johnson's pleadings collectively and construes them liberally. With that in mind, the following is the Court's understanding of Mr. Johnson's factual allegations and legal claims.

Allied originally fired Mr. Johnson in March 2016, but in July 2016 he received an offer to return to work.[2] ECF No. 22 at 1–2.[3] After Mr. Johnson returned to work, he had various job performance issues, including a truck accident. *See* ECF No. 18 at 2. On June 20, 2017, he was "resting" and "nodding" his head during his lunch break. *Id.* at 2; ECF No. 22 at 2–3. Allied's Director of Human Resources, Michael Baylor, discovered Mr. Johnson and fired him for sleeping on the job. ECF No. 22 at 2–3; ECF No. 22-1 at 2. Mr. Johnson, who is Hispanic, maintains that his colleague, who is African American, was asleep nearby, but Mr. Baylor took

---

[1] The Court also held a telephone conference with Mr. Johnson, warning him about his obligation to respond to the Defendants' motions. *See* 3/5/19 Minute Entry.

[2] Mr. Johnson litigated his claims related to this original termination in a related case, but this case appears to relate to only his second termination. *See Johnson v. Local Lodge 1759, Int'l Ass'n of Machinists & Aerospace Wrkrs.*, No. 16-cv-01893-TNM, 2019 WL 2452291 (D.D.C. June 12, 2019); *see also* ECF No. 8.

[3] All citations are to the page numbers generated by this Court's CM/ECF system.

no action against him. *See* ECF No. 22 at 2–3; ECF No. 22-1 at 2.

Mr. Johnson appears to make three claims. First, he alleges that Allied discriminated against him based on his race. *See* ECF No. 22-1 at 2. Second, Mr. Johnson alleges that Allied terminated him in retaliation for his filing a complaint with the National Labor Relations Board ("NLRB") over his March 2016 termination. *See* ECF No. 18 at 3; ECF No. 27 at 1. Finally, he alleges that Allied violated the collective bargaining agreement by terminating him without a union representative present and acting outside the disciplinary action plan. *See* ECF No. 1; ECF No. 18 at 3; ECF No. 27 at 1.

Allied has moved to dismiss Mr. Johnson's Complaint under Rule 12(b)(6), ECF No. 20, and Local Lodge has moved for judgment on the pleadings under Rule 12(c), ECF No. 23.

## II.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court must treat the complaint's factual allegations as true, "even if doubtful in fact." *Id.* at 555. But a court need not accept as true legal conclusions set forth in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In deciding a motion under Rule 12(b)(6), a court may consider the facts alleged in the complaint, documents attached to it as exhibits or incorporated by reference, and matters about which the court may take judicial notice. *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007). A motion for judgment on the pleadings "is functionally equivalent to a Rule 12(b)(6) motion to dismiss." *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 130 (D.C. Cir. 2012).

## III.

### A.

Local Lodge is entitled to judgment on the pleadings. To survive a motion for judgment on the pleadings, a complaint need only provide sufficient facts, accepted as true to state a claim for relief that is plausible on its face. *See Rollins*, 703 F.3d at 130 ("Other circuits have held that *Iqbal* and *Twombly* apply to Rule 12(c) . . . and we do likewise."). But even accepting all the facts alleged in Mr. Johnson's pleadings as true, he has not stated a claim against Local Lodge.

Indeed, the pleadings lack factual allegations about acts or omissions by the union. While Mr. Johnson identifies Local Lodge as a defendant in his original complaint, he appears to concede that Allied, not Local Lodge, is responsible for his damages: "*Allied Aviation* is the Company from which I the plaintiff acknowledge my claim for lost savings, lost wages . . . , loss of seniority rights, loss of union representation, any securities benefits and impeding any moving on job placement." ECF No. 18 at 1 (emphasis added). "Ordinarily, an amended complaint supersedes the original and renders it of no legal effect" unless "the amended compliant specifically refers to and incorporates by reference the earlier pleading." *McManus v. Williams*, 519 F. Supp. 2d 1, 5 (D.D.C. 2007) (citations omitted).

He does complain that he had no union representative present for his second-termination proceedings. *See* ECF No. 1; ECF No. 27 at 1. Read liberally, Mr. Johnson is making a "hybrid § 301/fair representation claim." "Claims of this type . . . involve two distinct causes of action— one against the employer under § 301 of the Labor Management Relations Act, the other against the union for breach of the duty of fair representation, which is implied under the National Labor Relations Act." *See Malloy v. WMATA*, 187 F. Supp. 3d 34, 42–43 (D.D.C. 2016) (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164 (1983)). But such claims are subject to

a six-month statute of limitation. *Id.* at 42–43. And Mr. Johnson brought his claim a year after any alleged violation. Mr. Johnson was terminated without representation in June 2017, but he did not sue until June 2018. Thus, any fair representation claim against Local Lodge is time barred.[4]

**B.**

Mr. Johnson's claim that Allied breached the collective bargaining agreement in violation of Section 301 of the Labor and Management Relations Act, 29 U.S.C. § 185, fails for the same reason.

Mr. Johnson's retaliation claim also fails. Allied interprets Mr. Johnson to be claiming retaliation under Title VII of the Civil Rights Act of 1964. ECF No. 25-1 at 6–9. But the better reading of Mr. Johnson's pleadings is that he is alleging that Allied retaliated against him for filing a complaint with the NLRB over his March 2016 termination. In either case, Mr. Johnson's claim cannot survive.

Mr. Johnson cannot maintain a claim for retaliation under Title VII because he failed to exhaust his administrative remedies. Before filing a claim for retaliation under Title VII, "a plaintiff must timely exhaust his administrative remedies." *Ndondji v. Interpark Inc.*, 768 F. Supp. 2d 263, 276 (D.D.C. 2011). "[A]t a minimum he must [raise] his pre-charge retaliation allegations with the EEOC to exhaust his administrative remedies." *Id.* at 278 (citing *Payne v. Salazar*, 619 F.3d 56, 65 (D.C. Cir. 2010)). Mr. Johnson did not do so. Mr. Johnson did not check the box for "Retaliation," reference retaliation, or allege that he engaged in protected activity on his EEOC complaint. *See* ECF No. 22-1 at 2. Because Mr. Johnson failed to include

---

[4] What is more, the only fact the Court can construe as alleged against Local Lodge—that no union representative was present when Allied terminated Mr. Johnson—does not alone establish arbitrary, discriminatory, or bad-faith conduct establishing a breach of the union's duty of fair representation. *See Johnson*, 2019 WL 2452291, at *3–4.

facts or allegations that would alert the EEOC and Allied that he intended to claim retaliation, he has failed to exhaust his administrative remedies, and his retaliation claims will be dismissed. *See Ndondji*, 768 at 278–79.

Any claim that Allied retaliated against Mr. Johnson for filing a complaint with the NLRB is subject to the exclusive jurisdiction of that body. *See Parks v. Giant of Md.*, 295 F. Supp. 3d 5, 9 (D.D.C. 2018). "The Supreme Court has held that when an activity is arguably subject to Section 7 or Section 8 or the NLRA, the States as well as the federal courts must defer to the exclusive competence of the NLRB." *Id.* (cleaned up). Section 8 makes it "an unfair labor practice for an employer . . . to discharge or otherwise discriminate against an employee because he has filed charges or given testimony under this subchapter." 29 U.S.C. § 158(a)(4). Thus, the Court will dismiss Mr. Johnson's claim that Allied discharged him in retaliation for filing a complaint with the NLRB. *See Parks*, 295 F. Supp. 3d at 9–10.

Mr. Johnson has, however, stated a claim for racial discrimination under Title VII. Just barely.[5] For Title VII claims, "pleading each element of the general prima facie case is sufficient, even if not necessary, to survive a Rule 12(b)(6) motion to dismiss." *Thomas v. WMATA*, 305 F. Supp. 3d 77, 86 (D.D.C. 2018) (citing *Harris v. D.C. Water & Sewer Auth.*, 791 F.3d 65, 70 (D.C. Cir. 2015)). Generally, "[t]o state a prima facie case of discrimination, a plaintiff must allege []he is part of a protected class under Title VII, []he suffered a cognizable adverse employment action, and the action gives rise to an inference of discrimination." *Walker v. Johnson*, 798 F.3d 1085, 1091 (D.C. Cir. 2015).

---

[5] Mr. Johnson attached his EEOC Complaint to supplement his Amended Complaint. *See* ECF No. 22-1 at 2. "A court may consider an EEOC complaint and Notice of Charge without converting a motion to dismiss into a motion for summary judgment because such records are 'public document[s] of which a court may take judicial notice." *Ndondji v. Interpark Inc.*, 768 F. Supp. 2d 263, 272 (D.D.C. 2011).

Mr. Johnson alleges that he is a member of a protected class under Title VII, and he was terminated. *See* ECF No. 22-1 at 2. And Mr. Johnson alleges that his African American partner, who was asleep nearby, suffered no consequences. *Id*. "[A]n inference of discrimination may be drawn where an 'employer treated other employees of a different race, color, sex, or national origin more favorably in the same factual circumstances." *Townsend v. United States*, 236 F. Supp. 3d 280, 309 (D.D.C. 2017) (citing *Brady v. Office of Sgt. at Arms*, 520 F.3d 490, 495 (D.C. Cir. 2008)). Thus, the cobbled-together facts from Mr. Johnson's pleadings just carry his discrimination claim past dismissal.

## IV.

For these reasons, Local Lodge's Motion for Judgment on the Pleadings is hereby GRANTED. Local Lodge is thus DISMISSED from the case.

It is also ORDERED that Allied's Motion to Dismiss is GRANTED IN PART and DENIED IN PART. It is further

ORDERED that Allied must answer Mr. Johnson's Title VII discrimination claim on or before July 17, 2019. It is further

ORDERED that to further the just, speedy, and economical management of this action, an Initial Scheduling Conference is hereby set for August 8, 2019 at 10:00 a.m. in Courtroom 2.

Mr. Johnson and Allied are required to fully comply with Federal Rule of Civil Procedure 26(f) and Local Civil Rule ("LCvR") 16.3(c). To that end, the parties must meet and confer as soon as practicable, and at least 21 days before the Initial Scheduling Conference. The parties must discuss each of the matters set forth in LCvR 16.3(c). In considering what form of alternative dispute resolution the parties think the case is most suited to, the parties are reminded that among their options are mediation, arbitration, early neutral evaluation, summary jury trial,

or any other form of alternative dispute resolution which can be tailored to the needs of their case.

The parties must submit their Joint Statement addressing all topics listed in LCvR 16.3(c) no later than 14 days following their meet and confer, or 72 hours before the Initial Scheduling Conference, whichever is earlier in time. *See* Fed. R. Civ. P. 26(f)(2); LCvR 16.3(d). The parties are also directed to include in their Joint Statement, or in a supplemental pleading to be filed no later than 72 hours before the Initial Scheduling Conference, a brief statement of the case and the statutory basis for all causes of action and defenses.

The parties are reminded to comply with the directives in this Court's Standing Order, including the provisions about communications with the Court, appearances at hearings, and motions for re-scheduling.

SO ORDERED.

Dated: June 17, 2019

TREVOR N. McFADDEN
United States District Judge